IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MATTHEW STEPHENS | : | NO. 19-224-1 |

<u>MEMORANDUM</u>

Bartle, J.                                        September 2, 2021

The court has before it the pro se motion of Matthew
Stephens for compassionate release under 18 U.S.C. § 3582(c)(1)
(A).

I

On March 28, 2019, defendant Matthew Stephens was
arrested in connection with his participation in a conspiracy to
traffic large amounts of methamphetamine with co-defendants
Kevin Bailey and Alphonso Gallimore.  Stephens had also been
selling firearms, ammunition, and machine gun conversion devices
designed to create fully automatic weapons without a license to
do so.

From March 2018 to March 2019, unknown to Stephens and
his co-conspirators, one of their buyers was a confidential
government informant.  Stephens and the co-defendants sold
several kilograms of methamphetamine to the informant.  Stephens
separately profited from the sale of 44 machine gun conversion
devices and 52 firearms.  Many of the firearms had obliterated

serial numbers or were "homemade" without serial numbers or identifying markings for the purpose of evading law enforcement. The Government's investigation resulted in several audio and video recordings of the defendants' methamphetamine sales and of Stephens' firearm sales.

On November 27, 2019, this court accepted the guilty plea of Stephens to seven counts of a 26-count grand jury indictment against him and his co-conspirators.  Stephens pleaded guilty to:  (Count 1) conspiracy to distribute 500 grams of more of methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A); (Count 20) possession of a machine gun in violation of 18 U.S.C. § 922(o)(1); (Count 21) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (Count 22) distribution of 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (Count 23) distribution of 500 grams or more of methamphetamine within 1,000 feet of a public school in violation of 21 U.S.C. § 860(a); (Count 24) maintaining a drug house in violation of 21 U.S.C. § 856(a)(2); and (Count 25) dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A).

Stephens already had a violent criminal history.  Most notable, he had been convicted of assault in Florida for shooting a woman in the leg.  On December 30, 2020, this court sentenced Stephens to a 151-month term of imprisonment followed

by 5 years of supervised release.  Stephens is currently serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").  Accounting for four months of credit for good time, he has served approximately 33 months of his 151-month sentence.  Stephens is 53 years old.

On April 5, 2021, Stephens submitted a request for compassionate release to the warden of FCI Fort Dix under 18 U.S.C. § 3582(c)(1)(A) on the ground that he suffers from gastroesophageal reflux disease ("GERD"), sciatica (herniated and bulged discs in lumbar), high blood pressure, and extreme and severe pain.  Stephens stated his medical condition requires the use of adult diapers.  The warden denied the request on June 10, 2021.[1]

Stephens filed the pending pro se request for compassionate release in this court on July 29, 2021.  He seeks compassionate release on the ground that his condition constitutes an extraordinary and compelling reason for his release in light of the coronavirus pandemic.  Specifically, he states:

> I am a 53-year-old, overweight (BMI > 25),
> ex-smoker of 45 years who suffers from
> osteoarthritis, chronic back pain, sciatica,
> gastroesophageal reflux disease, rheumatoid
> arthritis, two herniated discs, as well as a
> panoply of mental and emotional health

---

1.   The Government does not dispute that Stephens exhausted the administrative requirements set forth in § 3582(c)(1)(A).

-3-

issues, including post-traumatic stress
disorder (PTSD), persistent depressive
disorder (dysthymia), generalized anxiety
disorder, severe alcohol and drug use
disorder, and other specified personality
disorders with paranoid and anti-social
features. My physical issues require the use
of medications which lower my immune system.
My medical conditions place me in a
vulnerable, at-risk population were I to
contract Covid-19. These serious, CDC
recognized conditions, [sic] my inability to
obtain proper medical care, the out-of-
control outbreak of the Coronavirus at FCI
Fort Dix, and my demonstrated active growth
toward rehabilitation, provide an
extraordinary and compelling basis for a
sentence reduction.

Stephens has been inoculated against COVID-19.  He

received the first and second doses of Pfizer's COVID-19 vaccine

on March 24, 2021 and April 12, 2021 respectively.

II

Section 3582(c)(1)(A), as amended by Section 603(b) of

the First Step Act, Pub. L. No. 115-391, 132 Stat. 5239 (Dec.

21, 2018) provides in relevant part:

**(c) Modification of an imposed term of
imprisonment.**--The court may not modify a term
of imprisonment once it has been imposed
except that—

(1) in any case--

(A) the court, upon motion of the
Director of the Bureau of Prisons, or
upon motion of the defendant after the
defendant has fully exhausted all
administrative rights to appeal a
failure of the Bureau of Prisons to

-4-

> bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt
> of such a request by the warden of the
> defendant's facility, whichever is
> earlier, <u>may reduce the term of
> imprisonment</u> (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed
> the unserved portion of the original
> term of imprisonment), <u>after considering
> the factors set forth in section 3553(a)</u>
> to the extent that they are applicable,
> if it finds that—
>
> > (i) <u>extraordinary and compelling
> > reasons</u> warrant such a reduction . . .
> >
> > and that such a reduction is
> > consistent with applicable policy
> > statements issued by the Sentencing
> > Commission . . .

(emphasis added).  At the direction of Congress, the Sentencing Commission identified what are to be considered "extraordinary and compelling reasons" for compassionate release.  28 U.S.C. § 994(t).  It issued a policy statement which provides that a court may reduce a term of imprisonment if, after considering applicable factors set forth in 18 U.S.C. § 3553(a), the court determines that:  (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; (3) and "the reduction is consistent with this policy statement."  USSG § 1B1.13.  The Commission specifically identified "extraordinary and compelling" reasons

in Application Note 1 to USSG § 1B1.13 which provides in

relevant part:

> **1. Extraordinary and Compelling Reasons.**--
> Provided the defendant [is not a danger to
> the safety of any other person or to the
> community under 18 U.S.C. § 3142(g)],
> extraordinary and compelling reasons exist
> under any of the circumstances set forth
> below:
>
> > **(A) Medical Condition of the Defendant.**--
> >
> > > (i) The defendant is suffering from a
> > > terminal illness. . . . (ii)(I)
> > > <u>suffering from a serious physical or
> > > medical condition</u>, (II) suffering from
> > > a serious functional or cognitive
> > > impairment, or (III) experiencing
> > > deteriorating physical or mental health
> > > because of the aging process
> > >
> > > <u>that substantially diminishes the ability
> > > of the defendant to provide self-care
> > > within the environment of a correctional
> > > facility and from which he or she is not
> > > expected to recover.</u>

(emphasis added).  Our Court of Appeals recently held in <u>United

States v. Andrews</u> that a district court is not bound by the

Commission's policy statement in determining what is an

extraordinary and compelling reason.  2021 WL 3852617, __ F. 4th

___, at *3 (3d Cir. 2021).  However, the court may look to the

policy statement as a guide, even if it is not ultimately

binding.  <u>Id.</u> at *4.

   The court may reduce the term of imprisonment under

§ 3582(c)(1)(A) only after it considers the factors set forth in

§ 3553(a) to the extent that they are applicable.  These factors

include:  "the nature and circumstances of the offense and the

history and characteristics of the defendant" and "the need for the sentence imposed to protect the public from further crimes of the defendant."

A defendant has the burden to show his or her circumstances warrant compassionate release.  See, e.g., United States v. Neal, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020); United States v. Adeyemi, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

III

As noted above, Stephens seeks compassionate release based on his risk of illness or death from COVID-19 in light of his various medical conditions.  The Government opposes Stephens' early release on the ground that his medical condition does not amount to an extraordinary and compelling reason for his release because he is vaccinated.

The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for Stephens and all others in prison where social distancing is not always possible.  The court is also sympathetic to Stephens' medical condition.  However, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."  United States v. Roeder, 807 Fed. App'x.

-7-

157, 161 n. 16 (3d Cir. 2020).  Nor does, "an outbreak at the
defendant's correctional institution, standing alone, . . .
satisfy the extraordinary and compelling reasons requirement."
United States v. Gonzalez, 2021 WL 1088258, at *3 (E.D. Pa. Mar.
22, 2021).

      The Government argues that being slightly overweight
is the only condition contained in Stephens' medical record over
the past year that the Centers for Disease Control and
Prevention have determined increases the risk of severe illness
from COVID-19.  The Government contends that in light of
Stephens' receipt of the COVID-19 vaccine, his weight does not
constitute an extraordinary and compelling reason for his early
release.

      Even assuming Stephens' medical conditions
collectively constitute an extraordinary and compelling reason,
his release after serving only 33 months of a 151-month sentence
cannot be justified in light of the nature and circumstances of
his crimes.  See 18 U.S.C. § 3553(a).  Moreover, his early
release would not serve to protect those members of the public
who may fall victim to his crimes.  Id.  Stephens' sale of
nearly one-hundred machine gun conversion devises and firearms,
often anonymized specifically to evade law enforcement,
demonstrates his willingness to contribute to the significant
gun violence and high number of shooting-related deaths in the

Philadelphia community.  Stephens' access to and sale of firearms occurred during his and his co-defendants' substantial participation in the Philadelphia methamphetamine trade. Further, Stephens' criminal history demonstrates not only an inclination to sell illegal firearms, but to use them.

Accordingly, the court will deny the motion of defendant Matthew Stephens for compassionate release under 18 U.S.C. § 3582(c)(1)(A).